Good morning, Your Honor. Michael Tanaka, appearing on behalf of Appellant Muhammad. This is a simple case about fundamental due process. Here, Mr. Muhammad had a supervised release hearing on the finding that he had committed a crime, specifically California Penal Code 273.6. That crime, in fact, though, was never charged by the State of California, nor was Mr. Muhammad ever convicted of it. So thus, the issue of the supervised release hearing became, in the first instance, whether Mr. Muhammad had actually violated California Penal Code section 273.6. He presented evidence that he had not, in that the underlying order, the restraining order that he was – would be the basis of a violation had been issued without due process. That is, he had not received notice of the hearing that led to that order. The evidence that he showed is that – Kagan. Under that statute that provides for the ex parte TROs in domestic violence cases, is notice – is notice before the TRO issues required? The notice – I'm not an expert in California law, Your Honor, but you understand Pardon? It's after it issues that – that it's supposed to be served on the – Well, the – Second. The TRO, I believe, is issued upon application, but then there's a hearing at which the order is actually issued. I think the order is in just like a two-week period between the issuance of the application and then the hearing of the order. And that requires notice, service of that – notice of that hearing at which the order was issued. And that's what was missing in this case. I mean, that was the – Well, now, Mr. Mohamed does not contend that the notice of the hearing was not served upon him, does he? Well, he contends that it was defective from the – But not yet. He – you're very careful not to answer that question, because the evidence in the case, I mean, clearly implies that what happened is he was served. He did have a de facto, if you will, notice of the hearing. But because the process server gave the wrong address, you contend the notice was defective and, therefore, was no notice at all. Well, now, I beg to differ a little bit, Your Honor. Oh, I'm sorry. If I've missed something. I don't believe that there was any evidence, other than the issuance of the order, of that he did have notice. I mean, there was – he didn't – Well, the process server swore on the notice that she'd served him. Well, she also swore that this was her address as well. So that calls into question whether or not the notice was defective. It's calling into question the – that she lied about servicing. The only question is, is to the address. Everything else is apparently unchallenged in that notice. Well – Is that correct? It's correct in that there was no specific challenge to the rest of the proof of service. But by implication, just like in any court case, when you – when you find that a person has lied or been mistaken about one part of their testimony or hearing a small statement of notice, it calls into question the rest of the rest of it. Why would someone give a nonexistent address if they actually had served it? It calls into question whether, when she says she served it, does that person really exist, or is this whole thing false? Let me put the question another way. Did your guy ever say, either in writing or in testimony or anywhere, I never got the notice? He did not. All he said is the process server's address is wrong. That's correct. And that implicates whether he got the notice. On the other hand – Well, the other thing that's – I mean, you never really answered my first question, which is, this was an ex parte application, which means that your client didn't have to be at the hearing. And, in fact, the service itself, the order itself indicates that he wasn't at the hearing, and that's why you needed to have proof of service in the first place. So it was the service that you're contesting was a failure to serve after the order was issued. No, it was the failure that I'm contesting is the failure to serve notice of the hearing at which the order was issued. Clearly – Okay. Well, I just – you're going to have to point me to something that says that that's even required, and that's certainly not what I understood from your briefs. That you're – I thought you were complaining that he never knew that the restraining order had issued, so how could he have violated it? No. I'm arguing that the underlying – the order that was issued was invalid because he didn't have notice of the hearing at which the order was issued. That would be fundamental to a valid order, that he would have – how could the court issue a valid order if he had no notice or an opportunity to contest the veracity of the allegations that led to the order? Certainly, the court – the California provides for a temporary restraining order upon application, but at some point there has to be a judicial process, an adjudication of the validity of that, and at that point the order issued, and that's the order that he was accused of violating, and that's the hearing at which that order issued is what he did not get notice of, and that's the crux of the argument. Lacking notice, the order was invalid because it was just a violation of due process. Whether he had – once the order was issued, even if he had notice of it, and there's some evidence we'll concede that he had notice of the order after his probation officer told him about it, a notice of an invalid order cannot be the predicate for a violation of 273.6. It would seem fundamental that in order to violate an order, the order has to be valid in the first place. If the order was invalid, then there could be no violation, whether he had notice of it or not. Do you want to reserve some time for rebuttal? Yes. Thank you very much, Mr. Tanaka. Good morning. Good morning. May it please the Court, Fred Rowley, Jr., for the government. Even if the defendant could successfully challenge the restraining order in a State court appeal or in a district court, it wouldn't change the fact that he knowingly violated the order in contravention of California Penal Code Section 273.6. At the time this defendant went to visit his wife on August 6, 2003, the restraining order was valid and it was in effect. The defendant had not challenged the order and he had been given notice two days before by the probation officer of the restraining order's salient terms. That was, do not visit your wife and do not call your wife. If the defendant sought to challenge the restraining order or to be free of its terms, the appropriate course for this defendant would have been to go to State court and file an appeal or to attempt to reopen the proceedings. But this defendant did not do that. Now, to address Judge Wardlaw's question, I did try to look at the California statutes to figure out what the procedure was for issuing the restraining order, or I guess what California law calls a protective order. It appears that what happens is a temporary restraining order is issued, ex parte, as Your Honor pointed out, and on that temporary restraining order, there is supposed to be some notice of a hearing date. In this case, the hearing date was July 15th. At that hearing, the Court then considers whether to make the temporary restraining order a permanent restraining order, and that's what happened in this case. At that point, the permanent restraining order then has to be served, and California law appears to contemplate that that can happen formally by service of process or informally by a peace officer, which is what happened in this case. When the probation officer told this defendant about the terms of the order, that was sufficient under the statute to constitute effective service. That the defendant, or the person being restrained, could still be in violation of the temporary restraining order during that two-week period. Well, that's right. That's right, Your Honor. So, and then at the hearing, if he doesn't show up, it could still even, it could still go into effect as a permanent order. Well, then he needs to have notice of it. I mean, this isn't really relevant if me, because I tend to agree with you that you can't clearly attack this, but it seems to me that this defendant did have notice. He did, Your Honor. He had notice, at a minimum, he had notice of the permanent restraining order when his probation officer told him about the order, and the government would submit that the wrong address on the proof of service, as Judge Minella concluded, wasn't enough to invalidate that proof. So on this record, the district court appropriately found that the defendant had notice of the temporary restraining order as well. If the Court has no further questions, the government submits. Thank you, Mr. Rowley. Mr. Naka, any reply? Yeah. Just to make things clear, that is the process that applies to Ex parte for temporary restraining order. That order expires on its own by July 21, and that shows at ER 130, I believe. 129. So that order, the temporary order, has expired by the time this happened. So what happens, though, is that at the time they serve the temporary order, they have to also serve notice of the hearing for the permanent order, which is an issue in this case. Now, the government has said that whether he had notice of that hearing or not does not matter because the order did issue, and it's presumptively valid. Well, it is presumptively valid in that it's enforceable. It is presumptively valid in that the police could arrest him if he violated it, but it's not presumptively valid in the sense that it shows that he committed a crime. That is, if the order is invalid, at the time that he's charged with violating 273.6, that is, violating the order, then he has a right to show that he – that the order itself is invalid, which would be a defense to that crime. He's – that is what's at stake here. And it acts like a civil judgment if someone obtained a default judgment by fraud. Certainly, the person subject to that judgment wouldn't be expected to comply with it unless and until he overturned it. He would have a right to resist compliance, and then at any enforcement proceeding could show that, hey, this order is invalid, and that's all that happened here. Mr. Muhammad had a right to resist compliance with an unlawful order, an order illegally issued in the sense that he hadn't served notice of the hearing, and this was the only time he had – this is the chance he had to assert that right. Thank you very much. Gentlemen, the matter just argued is submitted. Good morning. 0355932, Page v. Lamarck, is submitted on the briefs. 0450046, United States v. Smith. The next case to be argued, both sides have 10 minutes. Thank you.
judges: Thompson, Silverman, Wardlaw